# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

CEDRIC GREENE,                                    CV F   06 659 OWW SMS P

               Plaintiff,

                                         FINDINGS AND RECOMMENDATIONS TO
    v.                                             DISMISS ACTION (Doc. 1.)

N. GRANNIS,

               Defendants.
_____/

     Cedric Greene ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action

filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on May 30, 2006, naming N.

Grannis, Inmate Appeals Coordinator as the sole Defendant.

**A.  SCREENING REQUIREMENT**

     The court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

     A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

1

1  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

2  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

3  467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

4  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

5  complaint under this standard, the court must accept as true the allegations of the complaint in

6  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

7  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

8  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

9  **B.  SUMMARY OF COMPLAINT**

10      Plaintiff alleges that the Defendant has "falsified a legal document" concerning an inmate

11  appeal.  Specifically, Plaintiff states that he sent correspondence to receive the status on an

12  institutional appeal and that the Defendant issued a response.  Plaintiff states that he "never sent

13  or mailed the stipulated appeal to the Defendant and thus, the Defendant has falsified a legal

14  document."  (Complaint at 3.)   Plaintiff states that this is a violation of state law and seeks 2

15  million dollars as compensatory damages.

16  **C.  CLAIMS FOR RELIEF**

17      In this case, it appears that Plaintiff believes that Defendant's response is stating that

18  Defendant forwarded Plaintiff's appeal to the inmate appeals coordinator at his location.

19  However, according to the attached documentation, the letter is clear that the written inquiry (i.e.

20  Plaintiff's letter) was forwarded to the inmate appeals coordinator at the institution, not an actual

21  appeal.  In any event, Plaintiff's allegations concerning the falsification of documents do not give

22  rise to a federal constitutional violation cognizable under section 1983.

23      To the extent that Plaintiff's allegations concern the propriety of his inmate appeals, this

24  too fails to state a claim for relief as there no constitutional right to an inmate appeals process.

25  The Ninth Circuit has held that Prisoners do not have a "separate constitutional entitlement to a

26  specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003),

27  *citing* Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988).  The non-existence of, or the failure of

28  prison officials to properly implement, an administrative appeals process within the prison

2

1   system does not raise constitutional concerns. Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988).

2   See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993); Flick v. Alba, 932 F.2d 728 (8th

3   Cir.1991); Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982) ("[A prison] grievance

4   procedure is a procedural right only, it does not confer any substantive right upon the inmates.

5   Hence, it does not give rise to a protected liberty interest requiring the procedural protections

6   envisioned by the fourteenth amendment").  A failure to process a grievance does not state a

7   constitutional violation. Buckley, supra.  State regulations give rise to a liberty interest protected

8   by the Due Process Clause of the federal constitution only if those regulations pertain to

9   "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation

10  to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293,

11  2300 (1995).

12      Accordingly, Plaintiff's allegations do not give rise to cognizable claim for relief under

13  Section 1983.

14      ***2.  State Law Violation***

15      To the extent Plaintiff is alleging that the falsehood of the letter violates state law, as

16  Plaintiff has not alleged a federal constitutional cause of action, this Court cannot maintain

17  supplemental jurisdiction over any perceived violations of state law alleged in this action.

18      Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original

19  jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the

20  action within such original jurisdiction that they form part of the same case or controversy under

21  Article III," except as provided in subsections (b) and (c).  "[O]nce judicial power exists under

22  § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is

23  discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district

24  court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . .

25  the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §

26  1367(c)(3).  The Supreme Court has cautioned that "if the federal claims are dismissed before

27  trial, . . . the state claims should be dismissed as well." United Mine Workers of America v.

28  Gibbs, 383 U.S. 715, 726 (1966).

1    In light of the above, Plaintiff's alleged state law violations must also be dismissed.

2   **D. CONCLUSION AND RECOMMENDATION**

3    Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for relief

4   under section 1983.  Further, the Court finds that the deficiencies outlined above are not capable

5   of being cured by amendment, and therefore leave to amend should not be granted.  28 U.S.C.

6   § 1915(e)(2)(B)(ii); <u>Noll v. Carlson</u>, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).  Accordingly, the

7   Court RECOMMENDS that this action be dismissed in its entirety for Plaintiff's FAILURE TO

8   STATE A CLAIM upon which relief can be granted.

9    It is HEREBY ORDERED that these Findings and Recommendations be submitted to the

10  United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C.

11  § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District

12  Court, Eastern District of California.  Within THIRTY (30) days after being served with a copy

13  of this Report and Recommendation, any party may file written objections with the Court and

14  serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate

15  Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed

16  within TEN (10) <u>court</u> days (plus three (3) days if served by mail) after service of the Objections.

17  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

18   The parties are advised that failure to file objections within the specified time may waive

19  the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.

20  1991).

21  IT IS SO ORDERED.

22  **Dated:    June 6, 2006**                    **/s/ Sandra M. Snyder**
    icido3                                      UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

4